UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 19-10312-LTS |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW HAVILAND, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF GOVERNMENT AND PROBATION TO DEFENDANT'S
MOTION TO ADOPT PROPOSED CONDITION OF SUPERVISED RELEASE**

Pursuant to this Court's order on August 20, 2020 (Dkt. E. 131), the United States of America and the U.S. Probation Department (the "respondents") hereby file a joint opposition to the defendant's motion to adopt a proposed condition of supervised release. The respondents object to the defendant's proposed replacement of special condition number 10 with the terms set forth in his motion (Dkt. E. 128) for the following reasons.

1. The proposed revised condition would diminish Probation's ability to properly monitor and address the defendant's treatment needs. As the Court is aware, individuals on supervised release with mental health needs represent a growing segment of the supervision population and present special challenges. Individuals with mental health disorders may present a danger to themselves, family members, the probation officer assigned the case, and the community. These individuals also may be limited in their ability to associate actions with consequences and to conform their behavior to meet supervision objectives and expectations. In this specific case, three medical experts have agreed that the defendant lacks insight into the impact his behavior has had on the victims. There is also strong evidence to conclude that the defendant is resistant to taking medication and participating in psychotherapy.

2.  In implementing a treatment strategy, the treatment provider, the probation officer, and the person under supervision should collaboratively develop a treatment plan.  The plan should address the modality, intensity, and anticipated duration of treatment.  The plan also should include both long-term and short-term goals that are revisited on a regular basis.  The defendant's proposed release of information would limit Probation's ability to monitor the defendant effectively, as it appears specific and measurable goals and objectives as well as his progress would remain confidential.  If the only information offered by a treatment provider consists of whether someone is attending appointments, what type of modality is being utilized, and what medications are prescribed, Probation would be deprived of critical information needed to monitor the defendant.

In short, Probation needs to monitor the overall quality of the treatment intervention. This is especially true in defendant's circumstance given the violent and disturbing nature of the threats in the underlying offense.  While a therapist may have legal disclosure obligations when a patient presents a danger to himself or others, the defendant's proposed restrictions on disclosures to Probation nevertheless is based on the incorrect belief that the restricted information is the only information that Probation needs to effectively monitor the overall quality of the treatment intervention and assist an individual such as the defendant with addressing a mental health disorder.

The respondents suggest that the information disclosed to Probation should include, as it does in other cases involving post-incarceration supervision of an individual ordered to participate in mental health treatment, the following:

- date of entrance to program;
- attendance records;
- drug detection test results, if any;
- type, frequency, and effectiveness of therapy (including psychotherapy notes);

2

- general adjustment to program rules;
- type and dosage of medication;
- response to treatment;
- test results (e.g., psychological and psycho-physiological measurements, vocational, clinical polygraphs);
- date of and reason for withdrawal or termination from program; and
- diagnosis and prognosis.

For the above-stated reasons, the respondents therefore respectfully request that the Court deny the defendant's motion and allow the original special condition to remain in effect without modification. This will allow for full collaboration between the mental health treatment provider, the assigned probation officer, and the defendant.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

*/s/William F. Bloomer*
WILLIAM F. BLOOMER
Assistant United State Attorney
617-748-3100

## CERTIFICATE OF SERVICE

Suffolk, ss.                                    Boston, Massachusetts
                                                August 28, 2020

I, William F. Bloomer, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF.

*William F. Bloomer*
WILLIAM F. BLOOMER
Assistant U.S. Attorney

3